NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50289 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01656-BEN |
| v. | |
| ANGEL SALINAS-MANDUJANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Angel Salinas-Mandujano appeals from the district court's judgment and challenges the 80-month sentence imposed on remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

---

  *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

remand for resentencing.

Salinas-Mandujano contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the district court improperly compared Salinas-Mandujano only to known co-participants in his offense and did not consider other likely co-participants. Salinas-Mandujano also argues the district court misapplied the factors enumerated in the commentary to the minor role guideline. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

After Salinas-Mandujano was sentenced on remand, this court issued its opinion in *United States v. Diaz*, 884 F.3d 911 (9th Cir. 2018). In *Diaz*, we reaffirmed the principal that under U.S.S.G. § 3B1.2, "when measuring a defendant's culpability relative to that of other participants, district courts must compare the defendant's involvement to that of all likely participants in the criminal scheme," even if they are unnamed. *See id.* at 916-17. *Diaz* also noted that "when a defendant knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor-

2                                                                                          17-50289

role adjustment." *Id.* at 917. Because the district court did not have the benefit of *Diaz*, and because we cannot determine on this record whether the district court was aware of its obligation to consider all likely co-participants in the offense, we vacate Salinas-Mandujano's sentence and remand for resentencing.

In light of this disposition, we do not address Salinas-Mandujano's arguments concerning the presentence report and his seven-year term of supervised release, which he can raise in the district court.

**VACATED and REMANDED for resentencing.**

17-50289